David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood Avenue, Suite 125
Phoenix, Arizona 85020
Telephone: (602) 252-0809
Facsimile: (602) 256-0432
E-Mail: dlk@knapperlaw.com
Attorney for Movant

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re<br><br>ILEANA CONKLIN,<br><br>Debtor.<br>_____<br>TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company,<br><br>Movant,<br><br>v.<br><br>ILEANA CONKLIN, Debtor; and RUSSELL A. BROWN, Chapter 13 Trustee,<br><br>Respondents. | CHAPTER 13<br><br>CASE NO. 2:09-bk-16814-CGC<br><br>(Assigned to the Honorable Judge Charles G. Case II)<br><br><br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Movant TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company ("MOVANT"), hereby requests, among other things, that the Court enter an appropriate Lift Stay Order in MOVANT's favor adjudicating that MOVANT may immediately, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and with the ten (10) day stay that is the subject of said Rule expressly waived, seize sole and exclusive possession of pursuant to State law as the owner of, following a Trustee's Sale conducted on June 30, 2009

("the Sale"), as pertains to that certain real property, together with all the improvements thereon, previously owned and/or presently occupied by Debtor ILEANA CONKLIN ("DEBTOR"), commonly known as 4210 West Corrine Drive, Phoenix, Arizona 85029, and legally described as:

> LOT 71, TAMARRON I, A SUBDIVISION RECORDED IN BOOK 188 OF MAPS, PAGE 10, RECORDS OF MARICOPA COUNTY, ARIZONA ("the Property"),

by means of pursuing either a Forcible Detainer or Special Detainer Complaint in State Court against DEBTOR and any other possible occupant(s) of the Property, reducing that lawsuit down to Judgment ("State Court Judgment"), and thereafter enforcing the State Court Judgment by causing to be carried-out a Writ of Restitution, culminating in the physical ouster of DEBTOR and any other possible occupant(s), together with their personal property, from the Property.

This Motion should be granted as a matter of law because upon completion of the Sale, DEBTOR lost any interest she may have had in the Property, including the right to possess same.

This Motion is supported by the attached Memorandum of Points and Authorities.

On even date herewith, MOVANT is filing and serving, among other pleadings, an appropriate Notice of Filing Lift Stay Motion, together with a Certificate of Service, with an Order Granting Relief from the Automatic Stay attached as Exhibit "A" to said Certificate.

RESPECTFULLY SUBMITTED this 29th day of July, 2009.

LAW OFFICES OF DAVID L. KNAPPER

/s/ David L. Knapper, SB No. 010328
David L. Knapper
Attorney for MOVANT

LAW OFFICES OF DAVID L. KNAPPER

## MEMORANDUM OF POINTS AND AUTHORITIES

This is another classic case of attempting to lock the barn after the horse is no longer there.

Specifically, as supported by the Declaration of David Knapper ("Mr. Knapper's Declaration"), attached hereto as Attachment "1":

1. DEBTOR initiated this, her second, Chapter 13 on July 20, 2009.

2. The Sale was conducted by enforcing the power of sale granted pursuant to a Deed of Trust that encumbered the Property and Arizona law, specifically, A.R.S. §§ 33-801 *et. seq.*

3. DEBTOR was not afforded any bankruptcy protection at either the inception or completion of the Sale. Her first Chapter 13, Case No. 08-bk-01066-GBN, was dismissed on August 25, 2008.

4. Put another way, no 11 U.S.C. § 362 automatic stay was in place prohibiting the Sale from being initiated, thereafter noticed-out, and ultimately, cried-out.

5. As evidenced by the Trustee's Deed Upon Sale attached to Mr. Knapper's Declaration as Exhibit "A," together with Mr. Knapper's Declaration, David Bilfeld was the innocent third-party bidder who placed the successful high bid, being $67,700.00, at the Sale. And, as evidenced by the Warranty Deed attached to Mr. Knapper's Declaration as Exhibit "B," since purchasing the Property, David Bilfeld has conveyed the Property to MOVANT.

6. This Motion can be disposed of as a matter of law.

7. No good reason exists why DEBTOR and any other possible occupant(s) should be allowed to remain in the Property now that MOVANT owns same, at MOVANT's expense.

8. DEBTOR and/or possibly others are illegally trespassing upon the Property because they have absolutely no right to occupy same.

9. The Trustee's Sale was completed, per A.R.S. § 33-810(A), upon timely and full payment of the aforementioned successful $67,700.00 high bid placed at the Sale; said payment being paid by David Bilfeld on July 1, 2009, again, which was at a time when DEBTOR was not afforded bankruptcy protection.

10. Specifically, A.R.S. § 33-810(A) provides:

> "The sale shall be completed on payment by the purchaser of the price bid in a form satisfactory to the trustee. The subsequent execution, delivery and recordation of the trustee's deed as prescribed by § 33-811 are ministerial acts. If the trustee's deed is recorded in the county in which the trust property is located within fifteen business days after the date of the sale, the trustee's sale is deemed perfected at the appointed date and time of the trustee's sale."

11. The aforementioned Trustee's Deed Upon Sale was timely and properly recorded on July 9, 2009. *See* A.R.S. § 33-810(A) (trustee's deed to be recorded not later than fifteen [15] business days following a property being auction-off for sale).

12. A.R.S. § 33-811(B) provides that the aforementioned Trustee's Deed Upon Sale:

> "raise[s] the presumption of compliance with the requirements of the deed of trust and this chapter [title 33, chapter 6.1 Arizona Revised Statutes] relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of the notice of sale and the conduct of the sale. A trustee's deed . . . constitute[s] conclusive evidence of the meeting of those requirements in favor of purchasers [such as David Bilfeld here] . . . for value and without actual notice."

13. Consequently, any possible problems DEBTOR may have with the involved lender, being the Beneficiary or Successor Beneficiary under the aforementioned Deed of Trust, and/or if applicable, that lender's loan servicing agent, and/or the appointed private Trustee or Successor Trustee appointed by the lender or loan servicing agent, that may have led-up to and ultimately culminated in the Sale, all are "red herrings". Pursuant to A.R.S. § 33-811(B),

-- 4 --

David Bilfeld, and reciprocally his successor, MOVANT, took "conclusive" good title to the Property, free and clear of any objections DEBTOR may now seek to assert. *Id.*

14. Significantly, relying upon the "presumption of compliance" and "conclusive evidence" language contained in A.R.S. § 33-811(A) (note: now [B] as quoted above), in upholding as valid a trustee's sale, the Arizona Court of Appeals in *Bam Investments, Inc. v. Roberts*, 172 Ariz. 602, 604, 838 P.2d 1363 (1992), stated:

> ". . . even if the appellant were able to prove the alleged deficiencies in the trustee's sale, these would not invalidate appellees' claim to the property.
>
> * * * *
>
> This court has upheld the application of this statute according to its plain meaning to protect buyers in appellees' position. *See Security Savings and Loan Ass'n v. Milton*, 171 Ariz. 75, 828 P.2d 1216 (App. 1991); *Main I Ltd. v. Venture Capital Const.*, 154 Ariz. 256, 741 P.2d 1234 (App. 1987)."

15. In *Main I Ltd, supra,* the "alleged deficienc[y,]" which was not deemed sufficient cause to invalidate a trustee's sale, was the supposed failure to provide proper notice of that sale. 154 Ariz. at 258-259. Again, relying upon the "presumption of compliance" and "conclusive evidence" language contained in A.R.S. § 33-811, the successful bidder, who "purchase[d] for value without actual notice of [the improper notice]" was adjudicated to hold good title by means of the trustee's deed issued in its favor. *Id.*

16. And, in *Security Savings and Loan Ass'n v. Milton, supra,* again, relying upon A.R.S. § 33-811, a trustee's sale was upheld notwithstanding the contention of the trustors/borrowers/guarantors involved:

> "that they were misled as to the place where the sale was originally to take place and misled as to the date and location of the several continuances of the sale."

LAW OFFICES OF DAVID L. KNAPPER

171 Ariz. at 76.

17. Finally, it is also significant to point out that prior to the Sale, DEBTOR did not obtain either a temporary restraining order or preliminary injunction. This is because A.R.S. § 33-811(C) provides that:

> "The trustor . . . waive[s] all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to [R]ule 65, Arizona R]ules of [C]ivil [Pr]ocedure, entered before 5:00 p.m. [o]n the last day other than [a] Saturday Sunday or other legal holiday before the schedule date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order."

18. Therefore, MOVANT must be declared the prevailing party here. *E.g., Security Savings and Loan Ass'n v. Milton, supra; Main I Ltd, supra; Bam Investments, Inc., supra;* accord A.R.S. § 33-811(B) and (C). To be sure, if this Court were to hold otherwise, then such would impermissibly abrogate controlling State law for no other reason than the "happenstance of bankruptcy". *E.g., Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) *(citation omitted)*.

19. If DEBTOR has truly been wronged by the involved lender or its agents, then she is not without recourse . . . she can always sue them, and if successful, will be awarded monetary damages. But, DEBTOR can not make any possible problems pertaining to the foreclosed mortgage loan, MOVANT's problem too. MOVANT now owns the Property, and MOVANT is therefore entitled to take immediate and exclusive physical possession of the Property.

20. MOVANT is not adequately protected.

21. Abundant good cause exists for this Court to grant this Motion.

22. Service of this Motion shall be effectuated upon all necessary parties.

LAW OFFICES OF DAVID L. KNAPPER

## Conclusion & Prayer

Based upon the foregoing, MOVANT again respectfully requests that the Court enter an appropriate Lift Stay Order in MOVANT's favor adjudicating that MOVANT may immediately, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, with the ten (10) day stay that is the subject of said Rule expressly waived, seize sole and exclusive possession of pursuant to State law of the Property by means of securing the State Court Judgment, and thereafter enforcing the State Court Judgment by causing to be carried-out a Writ of Restitution, culminating in the physical ouster of DEBTOR and any other occupant(s), together with their personal property, from the Property.

MOVANT also requests in the same Order a further adjudication, again, among other things, directing the Bankruptcy Clerk of Court to assign to this Court all bankruptcies filed by or against DEBTOR and/or any other party possibly claiming an interest in the Property, whether jointly or separately, within ninety (90) days following the adjudication of MOVANT's Lift Stay Motion.

MOVANT further requests, again, among other things, that the same Order adjudicate that its terms shall remain in full force and effect notwithstanding the possible subsequent conversion of this Chapter 13 to another Chapter under the Bankruptcy Code.

MOVANT also requests that the same Order constitute an in rem Order as regards the Property, such that it adjudicates that the Honorable Charles G. Case II, shall retain exclusive bankruptcy jurisdiction over the Property until MOVANT has completed the aforementioned ouster, and that any additional bankruptcies filed either before or after the entry of the Order by or against DEBTOR shall not prevent MOVANT from completing said ouster.

Lastly, MOVANT requests that the aforementioned Order explicitly adjudicate that its terms shall remain in full force and effect even if an Appeal is taken of the Order, unless a

LAW OFFICES OF DAVID L. KNAPPER

separate Order explicitly staying such is obtained from Judge Case, the Bankruptcy Appellate Panel or the United States District Court.

RESPECTFULLY SUBMITTED this 29th day of July, 2009.

LAW OFFICES OF DAVID L. KNAPPER

/s/ David L. Knapper, SB No. 010328
David L. Knapper
Attorney for MOVANT

SUBMITTED this
29th day of July, 2009, to:

The Honorable Judge Charles G. Case II
United States Bankruptcy Court
230 N. First Avenue
Phoenix, Arizona 85025

COPIES of the foregoing
mailed this 29th day of July, 2009, to:

All Necessary Parties as evidenced
by the Certificate of Service filed
by MOVANT on even date herewith

/s/ David L. Knapper

# ATTACHMENT "1"

# DECLARATION OF DAVID KNAPPER

STATE OF ARIZONA )
) ss.
County of Maricopa )

David Knapper., being first duly sworn upon his oath, deposes and states:

1. That I am the attorney of record for Tres Amigos Properties LLC, an Arizona limited liability company ("my client"), in connection with *In re Ileana Conklin*, Case No. 2:09-bk-16814-CGC (Chapter 13), United States District Court, District of Arizona, Phoenix Division ("this case").

2. That after undertaking diligent inquiry and investigation, I hereby avow that all of the facts as stated in my client's Motion for Relief from the Automatic Stay ("my client's Motion"), which will have this Declaration as its Attachment "1" thereto, are true and correct to the best of my knowledge, information and belief.

3. That neither I, nor anyone associated with my client, nor anyone associated with my client's predecessor, David Bilfeld, had notice of any deficiency or defect with the June 30, 2009 Trustee's Sale referenced in my client's Motion, and the manner in which that Sale was conducted.

4. That attached hereto as Exhibits "A" and "B," respectively are true and correct copies of the Trustee's Deed Upon Sale, and the Warranty Deed referenced in my client's Motion.

FURTHER AFFIANT SAYETH NAUGHT.

_____
David Knapper

SUBSCRIBED AND SWORN TO before me this 29th day of July, 2009, by David Knapper.

DONNA L BOCK
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 19, 2012

_____
Notary Public

My Commission Expires: March 19, 2012



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20090631746,07/09/2009 01:27
ELECTRONIC RECORDING
TD4210WCorrlne-2-1-1-,N

Recording requested by:

When recorded mail to:
**DAVID BILFELD**
**720 N 16TH ST. #370**
**PHEONIX, AZ 85022**

Forward tax statements to the address given above

4210 W. Corrine

_Space above this line for recorders use_

TS # AZ-09-253297-CH          Order # 33-00834407          Loan # 46999911

Exempt B-1          **Trustee's Deed Upon Sale**

A.P.N.: 149-27-073          Transfer Tax:

The undersigned grantor declares:
The grantee herein WASN'T the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:     $55,106.50
The amount paid by the grantee at the trustee sale was:    $67,700.00
The documentary transfer tax is:                           None
Said property is in the City of: PHOENIX, County of MARICOPA

QUALITY LOAN SERVICE CORPORATION, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

**DAVID BILFELD**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of MARICOPA, State of Arizona, described as follows:

LOT 71, TAMARRON I, A SUBDIVISION RECORDED IN BOOK 188 OF MAPS, PAGE 10, RECORDS OF MARICOPA COUNTY, ARIZONA.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by JANET LEE NILSEN, A SINGLE WOMAN, as trustor, dated 8/19/1987, and recorded on 8/24/1987 as instrument number 87-531235, in Book XXX, Page XXX of Official Records in the office of the Recorder of MARICOPA, Arizona, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Sale under the Deed of Trust recorded on 2/27/2009, instrument no 2009-0173855, , of Official records. Trustee having complied with all applicable statutory requirements of the State of Arizona and performed all duties required by the Deed of Trust

Trustee's Deed Upon Sale
Page 2

including sending a Notice of Sale within five days by certified mail, postage pre-paid to each person entitled to notice in compliance with Arizona Civil Code 33-809.

All requirements per Arizona Statutes regarding the mailing, personal delivery and publication of copies of Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 6/30/2009. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $67,700.00, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **QUALITY LOAN SERVICE CORPORATION - AZ**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: 7/8/2009

**QUALITY LOAN SERVICE CORPORATION**

By: _____

Adriana Banuelos, Assistant Vice President.

State of California        )
                           ) ss.
County of San Diego        )

On 7/8/09 before me, D.E. Turner a Notary Public, personally appeared **Adriana Banuelos** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
D.E. Turner

D. E. TURNER
COMM. # 1830006
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. JAN. 9, 2013

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT "B"



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2009-0690591 07/27/09 01:59 PM
2 OF 2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Warranty Deed

For the consideration of Ten Dollars, and other valuable considerations, I or we,
**DAVID BILFELD, an unmarried man**
do/does hereby convey to
**TRES AMIGOS PROPERTIES LLC, an Arizona limited liability company**
the following real property situated in Maricopa County, ARIZONA:

Lot 71, TAMARRON 1, according to Book 188 of Maps, Page 10, records of Maricopa County, Arizona.

Aka: 4210 W. Corrine, Phoenix, Arizona

Exempt from Affidavit per ARS 11-1134 A7

SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.
And I or we do warrant the title against all persons whomsoever, subject to the matters set forth above.
Dated July 10, 2009

SELLER:

David Bilfeld

State of ARIZONA } ss
County of Maricopa

This instrument was acknowledged before me this July 15, 2009 by: David Bilfeld

Notary Public

My commission will expire March 3, 2013



ELIZABETH TEIGEN
Notary Public - Arizona
Maricopa County
My Commission Expires
March 03, 2013